112 N.J. Super. 479 (1970)
271 A.2d 726
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES HARVEY VANCE, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1970.
Decided December 22, 1970.
*480 Before Judges KILKENNY, HALPERN and LANE.
Mr. George E. Pollard, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Kenneth Krause, Assistant Deputy Public Defender, on the brief).
Mr. Michael L. Bitterman, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the court was delivered by HALPERN, J.A.D.
Defendant appeals the denial of his petition for post-conviction relief wherein he contended his sentences were illegal, or in the alternative excessive.
On October 11, 1962 defendant pled non vult to separate indictments charging him with murdering Noreen Buckley and Margaret Kennedy. He was sentenced on one indictment to a State Prison term of not less than 25 years and not more than 30 years, and to a consecutive life sentence on the other indictment.
The facts are not in substantial dispute and the full details of these heinous offenses need not be set forth. It is sufficient to relate that defendant, without apparent reason, by separate acts killed both girls with a tire iron and left their bodies in an isolated area about 490 feet apart.
Defendant contends the court erred in imposing consecutive sentences since he acted on a single impulse, and regardless of how many different criminal acts he committed they "arose out of a single transaction, and therefore, only one sentence may be imposed." He argues that the life imprisonment sentence be rescinded and cites as authority State v. Mills, 51 N.J. 277 (1968), cert. den. 393 U.S. 832, 89 S.Ct. 105, 21 L.Ed. 2d 104 (1968); State v. Di Rienzo, 53 N.J. 360 (1969); State v. Pennsylvania R.R. Co., 9 N.J. 194 (1952), and State v. Willhite, 40 *481 N.J. Super. 405 (Cty. Ct. 1956). The contention is without merit. The record is clear that two separate and distinct criminal acts were committed by defendant for which separate sentences may be imposed. State v. Carter, 54 N.J. 436, 451 (1969) cert. den. 397 U.S. 948, 90 S.Ct. 969, 25 L.Ed.2d 130 (1970); State v. Billingsley, 46 N.J. 219 (1966); State v. Maxey, 42 N.J. 62 (1964); State v. Jefferson, 40 N.J. Super. 466, 470 (App. Div. 1956).
The cases cited by defendant are clearly distinguishable. In Mills, three deaths resulted from a single act of arson; in Di Rienzo, one act of receiving goods stolen from various places was held to be a single offense; in Pennsylvania R.R. Co., 84 deaths resulted from a single act of negligence, and in Willhite, one continuous act of reckless driving through several municipalities was held to be a single offense. These cases deal with a single act which injured more than one person, or resulted in but one offense. As previously stated, in the instant case we have two separate and distinct criminal acts for which multiple punishment may be imposed.
In the alternative, defendant contends the sentences were excessive. While we have the power to review and modify sentences, such power must be exercised with extreme care. We will overturn a sentence only upon a clear showing it was unduly punitive or there was an abuse of discretion by the sentencing judge. State v. Brown, 46 N.J. 96, 108 (1965); State v. Provoid, 110 N.J. Super. 547, 559 (App. Div. 1970), and cases cited therein. No such showing has been made. The sentences imposed were severe, but in light of the magnitude of the crimes they were not manifestly excessive.
We think it appropriate to indicate that sentences claimed to be excessive are only reviewable on direct appeal and not by post-conviction application. State v. Smith, 43 N.J. 67, 74 (1964), cert. den. 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed. 2d 706 (1965). But see State v. Hicks, 54 N.J. 390 (1969), where the issue apparently was not raised, and the court was confronted with an unusual factual situation. *482 While we have treated with the merits in this case, we are not disposed to do so in the future.
Affirmed.