**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4609-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHARLES GUEST,

    Defendant-Appellant.

_____

> Submitted October 22, 2018 – Decided  December 20, 2018
>
> Before Judges Sabatino and Sumners.
>
> On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-01-0201.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).
>
> Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Patrick D. Isbill, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In his post-conviction relief (PCR) petition, defendant charged that following his guilty plea to first-degree manslaughter, N.J.S.A. 2C:11-4(a)(1), his trial counsel provided ineffective assistance at his sentencing by failing to present several character witnesses and argue certain mitigating factors in an effort to reduce his plea agreement's recommended sentence of eighteen years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. He now appeals the PCR judge's order denying his petition without an evidentiary hearing, arguing:

> POINT I
>
> THE LAW DIVISION SHOULD NOT HAVE HELD DEFENDANT'S PETITION FOR[] POST-CONVICTION RELIEF WAS PROCEDURALLY BARRED PURSUANT TO COURT RULE 3:22-2.
>
> POINT II
>
> THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF AND REMAND THE MATTER FOR AN EVIDENTIARY HEARING.

We agree with defendant that his petition should not have been procedurally barred. We affirm, however, because we agree with the judge's determination that the alleged mitigating factors were not supported by the

record, and even if the witnesses testified in accordance with their certifications submitted in support of PCR, the judge would have still imposed the eighteen-year sentence.

In the early morning hours of September 4, 2011, defendant went to the apartment of Ashley Williams. Admittedly intoxicated at the time, defendant claimed they engaged in consensual sex. At some point, apparently to heighten her sexual experience, she requested he choke her, and he complied. According to defendant, they had previously engaged in rough sex. Possibly due to his inebriation, he maintained that he went to sleep not aware that anything was wrong with Williams. When he woke up, he found her dead. But contending he was in shock, he did not call the police or anyone else to report her death. Instead, he went to a job interview at a fast food restaurant. After he returned to the apartment, he called the police to report Williams' death. An autopsy revealed that she died from blunt neck trauma.

Defendant was arrested over a month later, and he was subsequently indicted for first-degree murder, N.J.S.A. 2C:11-4(a)(1), (2). Plea negotiations resulted in him pleading guilty to the downgraded offense of first-degree manslaughter in exchange for the State's recommendation that he serve an

A-4609-16T2

eighteen-year NERA prison term. The trial judge sentenced defendant in accordance with the plea agreement.

Defendant filed a direct appeal, only challenging his sentence. An excessive sentence panel of this court affirmed his sentence. See State v. Charles R. Guest, No. A-2622-15 (App. Div. June 6, 2016).

Almost three months later, defendant filed a PCR petition. He contended his trial counsel was ineffective for failing to argue mitigating factors two, five, nine, and twelve at his sentencing. N.J.S.A. 2C:44-1(b)(2) (defendant did not contemplate his conduct would cause or threaten serious harm); -1(b)(5) (the victim induced or facilitated defendant's conduct); -1(b)(9) (defendant is unlikely to reoffend); and -1(b)(12) (defendant cooperated with law enforcement). In addition, he asserted trial counsel failed to consult with him to discuss the presentation of mitigating evidence at his sentencing, such as the four character witnesses who provided certifications evidencing his kind nature and volunteering efforts in his church and community. Defendant also submitted a copy of the transcript of a statement by the medical examiner, whose autopsy of Williams concluded she died from blunt neck trauma, but indicated

he could not foreclose the possibility that "rough sex with somebody squeezing [her] neck," could have caused her death. [1]

The PCR judge, who had previously accepted defendant's plea and sentenced him, denied defendant relief without an evidentiary hearing. In his oral decision, the judge determined the PCR petition was procedurally barred because defendant should have raised his PCR arguments when he filed his direct appeal alleging his sentence was excessive. State v. Pierce, 115 N.J. Super. 346, 347 (App. Div. 1971); State v. Vance, 112 N.J. Super. 479, 481 (App. Div. 1970).

Nonetheless, the judge, applying the well-known standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987), addressed each of defendant's mitigation arguments and found there was no merit to the claim that counsel was ineffective. Regarding mitigating factor two, the judge disagreed with defendant's contention that his action did not contemplate harm to Williams because choking her during rough sex could obviously cause serious harm. As for mitigating factor five, while Williams may have consented to rough sex, the judge found she did not induce

---

[1] The statement was given based upon questioning from defendant's trial counsel prior to defendant's guilty plea.

A-4609-16T2

or facilitate defendant's conduct because she did not consent to being strangled to the point of unconsciousness or death. The judge maintained defendant violated Williams' trust by being so reckless as to manifest extreme indifference to human life. With respect to mitigating factor nine, the judge determined that defendant's criminal record and contact with the criminal justice system contradicts his contention that he is unlikely to reoffend in the future. And, the judge decided that mitigating factor twelve does not apply where defendant merely reported Williams' death, but did not help the police solve other crimes. State v. Dalziel, 182 N.J. Super. 494, 505-06 (2005); State v. Read, 397 N.J. Super. 598, 613 (App. Div. 2008). The judge further recognized that defendant's identification as being the last person seen with Williams was not a mystery, and when he initially spoke to the police, he tried to exculpate himself from liability.

In addition, the judge determined that even if the character witnesses testified at sentencing, it would not have lessened defendant's sentence. The judge pointed to the favorable sentence that counsel negotiated with the State despite the evidence against defendant, and that Williams' family appeared at sentencing contending the sentence was too light.

A-4609-16T2

Since the judge found there was no prima facie evidence of ineffective assistance of counsel, defendant was not entitled to an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462 (1992); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Based upon our review of the record, we take issue with the judge's determination that defendant's PCR petition contending ineffective assistance by counsel for not arguing mitigation at sentencing was procedurally barred by Rule 3:22-4(a) because he could have raised the assertion on direct appeal. Other than for enumerated exceptions, which do not apply here, Rule 3:22-4(a)[2]

---

[2] Rule 3:22-4(a) provides:

> First Petition for Post-Conviction Relief. Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or

bars a defendant from employing a PCR petition to assert a claim that could have been raised at trial or on direct appeal.  See State v. Nash, 212 N.J. 518, 546 (2013).  However, because defendant only asserted that his trial counsel was ineffective in filing to provide evidence and argument in support of a sentence lighter than recommended in his plea agreement, the bar does not apply. Although we rejected his excessive sentence appeal, we did not address, nor could we in that proceeding, his PCR claims alleging that trial counsel was ineffective for not seeking a lighter sentence because such claims were outside the trial record.  See Preciose, 129 N.J. at 460 (1992).

---

(3)  that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

A ground could not reasonably have been raised in a prior proceeding only if defendant shows that the factual predicate for that ground could not have been discovered earlier through the exercise of reasonable diligence.

A denial of relief would be contrary to a new rule of constitutional law only if the defendant shows that the claim relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings.

Nevertheless, we agree with the judge's decision rejecting the merits of defendant's PCR contentions, and we affirm substantially for the sound reasons set forth in his oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION