**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4529-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RITHEA P. RANDALL,
a/k/a YOLANDA TAYLOR,

    Defendant-Appellant.

_____

Submitted January 26, 2022 – Decided February 10, 2022

Before Judges Hoffman and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 15-08-2292.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace C. MacAuley, Acting Camden County Prosecutor, attorney for respondent (Jason Magid, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rithea Randall appeals the February 27, 2020 order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On February 7, 2015, in Lindenwold, defendant requested a woman (the victim) to give her a ride, claiming she just had a domestic dispute with her boyfriend. Upon entering the victim's car, defendant used a knife to threaten her and force her out of the car. Defendant then drove off until the police stopped the car a short time later.

In August 2015, a Camden County grand jury charged defendant with first-degree robbery, N.J.S.A. 2C:15-1(a)(2); first-degree carjacking, N.J.S.A. 2C:15-2(a)(2); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2).

In April 2016, defendant agreed to a negotiated plea agreement. Pursuant to the agreement, defendant pled guilty to first-degree robbery, with the State agreeing to dismiss all remaining charges and recommend that defendant be sentenced as a second-degree offender to an eight-year prison term with an eighty-five percent period of parole ineligibility, pursuant to the No Early

Release Act (NERA), N.J.S.A. 2C:43-7.2. In her plea colloquy, defendant provided a factual basis and the court accepted defendant's guilty plea.

In August 2016, defendant appeared for sentencing. The court found aggravating factors three (risk of re-offense); six (defendant's prior criminal record); and nine (need to deter). N.J.S.A. 2C:44-1a(3), (6), (9). The court found no mitigating factors. Concluding that the aggravating factors outweighed the mitigating factors, the court sentenced defendant, in accordance with the plea agreement, to eight years in prison with an eighty-five percent parole ineligibility period.

Defendant initially appealed her sentence; however, she later withdrew the appeal, which this court dismissed at her request in June 2017. Almost two years later, on April 12, 2019, defendant filed a pro se petition for PCR, alleging her counsel was ineffective for failing to pursue a diminished capacity defense during plea negotiations and for failing to argue for mitigation during sentencing. PCR counsel for defendant then filed a brief supporting her petition.

In February 2020, Judge David M. Ragonese heard oral argument on defendant's petition. The following week, Judge Ragonese issued an order and accompanying ten-page opinion denying PCR without an evidentiary hearing.

A-4529-19

The judge first noted that defendant's argument regarding the excessiveness of her sentence could have been raised in the appeal defendant withdrew, and therefore it was procedurally barred pursuant to Rule 3:22-4. The judge next found that defendant failed to make a prima facie showing of ineffective assistance of counsel to warrant PCR "because defendant's claim that her trial counsel failed to investigate is based on nothing more than a bald assertion, and there is no evidence in the record to suggest that defendant would have insisted on going to trial." The judge explained that because defendant claimed her trial attorney inadequately investigated her case, she needed to assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon personal knowledge.

With respect to defendant's contention trial counsel failed to investigate an intoxication defense, the judge found that defendant's submissions in support of her petition were devoid of any certifications or affidavits based on personal knowledge describing the amount of intoxicant she had consumed, and over what period of time, on the date of the robbery. The judge further noted that "defendant did not present any evidence suggesting that a defense of mental disease or defect under N.J.S.A. 2C:4-2 would have been viable."

A-4529-19

The judge next noted that defendant's argument that trial counsel was ineffective for failing to argue mitigating factors four, six, and eleven was supported by nothing more than bald assertions. Additionally, the judge determined that even if defendant had shown counsel was ineffective, she failed to establish that but for counsel's ineffectiveness, she would not have pleaded guilty and would have instead insisted on going to trial. Accordingly, the judge found defendant failed to present a prima facie case of ineffective assistance of counsel, and therefore was not entitled to an evidentiary hearing.

This appeal followed, with defendant raising the following argument:

> POINT ONE
>
> MS. RANDALL IS ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIMS THAT HER ATTORNEY FAILED TO PURSUE A DIMINISHED CAPACITY DEFENSE DURING PLEA NEGOTIATIONS AND FAILED TO ARGUE ADEQUATELY AT SENTENCING.

After carefully considering the record and the briefs, we conclude defendant's argument lacks sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons stated by Judge Ragonese in his cogent written opinion issued on February 27, 2020. We add the following comments.

5

II.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987).  In order to prevail on an ineffective assistance of counsel claim, defendants must meet a two-prong test by establishing that: (l) counsel's performance was deficient and the errors made were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendants' rights to a fair trial such that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.

Additionally, a defendant is precluded from raising an issue on PCR that could have been raised on direct appeal.  State v. McQuaid, 147 N.J. 464, 483 (1997); R. 3:22-4.  As explained by the Court in McQuaid, "[a] defendant ordinarily must pursue relief by direct appeal, see R. 3:22-3, and may not use post-conviction relief to assert a new claim that could have been raised on direct appeal."  147 N.J. at 483.

6

With respect to the excessive sentencing claim, Judge Ragonese correctly found that it was procedurally barred pursuant to Rule 3:22-4. The first exception to the procedural bar requires that the ground for relief could not reasonably have been raised in any prior proceeding. Here, defendant's claim that the sentencing court overvalued the aggravating factors and failed to consider certain mitigating factors could have been raised on direct appeal. This claim does not involve allegations or evidence that lie outside of the existing trial record, and therefore should have been raised on direct appeal.

Furthermore, this court has generally found that challenges to excessive sentences are not appropriate for PCR, but rather best suited for direct appeal. See State v. Pierce, 115 N.J. Super. 346, 347 (App. Div. 1971); see also State v. Vance, 112 N.J. Super. 479, 481 (App. Div. 1970) ("[S]entences claimed to be excessive are only reviewable on direct appeal and not by post-conviction application."); State v. Clark, 65 N.J. 426, 437 (1974) ("[M]ere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reasons of being beyond or not in accordance with legal authorization, is not an appropriate ground for post-conviction relief and can only be raised on direct appeal from the conviction."); State v. Flores, 228 N.J. Super. 586, 595 (App. Div. 1988) ("[Q]uestions concerning the adequacy of the sentencing court's

7

findings and the sufficiency of the trial court's weighing of the aggravating and mitigating factors should be addressed only by way of direct appeal.").

Defendant also argues that she established a prima facie showing that trial counsel's failure to pursue a diminished capacity defense during plea negotiations amounted to ineffective assistance of counsel. This argument lacks merit.

As reviewed by Judge Ragonese, our Supreme Court in State v. Cameron, 104 N.J. 42, 56 (1986), set forth six factors relevant to an intoxication defense:

> the quantity of intoxicant consumed, the period of time involved, the actor's conduct as perceived by others (what he said, how he said it, how he appeared, how he acted, now his coordination or lack thereof manifested itself), any odor of alcohol or other intoxicating substance, results of any test to determine blood-alcohol content, and the actor's ability to recall significant events.
>
> [Cameron, 104 N.J. at 56.]

In addition, the judge noted that, in order for intoxication to diminish "the capacity to act purposely or knowingly, the intoxication must be of an extremely high level; it must have caused a 'prostration of faculties' in the defendant." State v. Sette, 259 N.J. Super. 156, 170 (App. Div. 1992). Here, defendant failed to support her petition for PCR with any affidavits or certifications demonstrating that defendant's intoxication caused a "prostration of faculties";

put another way, defendant provides no evidence suggesting that her alleged intoxication would negate the knowing and purposeful mens rea for robbery. Furthermore, defendant provided no information regarding the amount of intoxicant consumed, the period of time involved, or defendant's conduct as perceived by others.

In addition, defendant argues that she suffers from bipolar disorder, which further compromised her judgment. To the extent defendant argues that trial counsel's failure to pursue a diminished capacity defense based on mental defect under N.J.S.A. 2C:4-2[1] amounts to ineffective assistance of counsel, this argument likewise fails. As noted by Judge Ragonese, defendant offered no expert witnesses who would testify to the existence of a mental defect, and defendant presented no affidavits regarding past diagnosis or treatment of a mental defect.

In sum, defendant's arguments are supported by nothing more than bald assertions and fall short of establishing a prima facie claim for ineffective assistance of counsel. Notably, even if trial counsel's representation is

---

[1] N.J.S.A. 2C:4-2 provides: "Evidence that the defendant suffered from a mental disease or defect is admissible whenever it is relevant to prove that the defendant did not have a state of mind which is an element of the offense. In the absence of such evidence, it may be presumed that the defendant had no mental disease or defect which would negate a state of mind which is an element of the offense."

9

considered objectively deficient, defendant nevertheless cannot prove that, but for counsel's ineffective assistance, the result of the proceeding would have been different. She received a favorable sentence by pleading guilty to a first-degree crime under a plea agreement that provided for her to be sentenced as a second-degree offender. Had defendant proceeded to trial, she would have faced up to twenty-years imprisonment, while she was ultimately sentenced to only eight years.

Lastly, defendant contends that trial counsel's failure to argue for mitigating factors four, six, and eleven amounted to ineffective assistance of counsel. This argument too fails.

With respect to mitigating factor four, N.J.S.A. 2C:44-1(b)(4), the court may consider whether "there were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense." As noted, defendant fails to provide support for her claim of intoxication at the time of the offense. Instead, defendant merely states that she was intoxicated at the time of the offense, and suffers from bipolar disorder, which again, amounts to nothing more than bald assertions.

As to mitigating factor six, N.J.S.A. 2C:44-1(b)(6), which allows the court to consider defendant's attempt at restitution, and mitigating factor eleven,

10

N.J.S.A. 2C:44-1(b)(11), which allows the court to consider whether incarceration would cause excessive hardship to defendant's dependents, Judge Ragonese found that the sentencing court was aware of both factors and ultimately chose not to apply them. During the plea colloquy, the judge had defendant acknowledge that restitution would remain open for the State to pursue at sentencing. The judge considered each of the mitigating factors separately and was "unable to conclude that any of the mitigating factors apply."

In sum, defendant failed to present a prima facie case of ineffective assistance of counsel. She did not show that trial counsel's performance was deficient or how the alleged deficiency prejudiced her defense. The record reveals that trial counsel was able to negotiate a favorable plea agreement in considering the charges brought. Judge Ragonese properly dismissed defendant's petition without conducting an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4529-19