**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0785-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

DEJON A. CARROWAY,
a/k/a DEJON CARRPWAY,

      Defendant-Appellant.

_____

Submitted April 10, 2025 – Decided April 24, 2025

Before Judges Walcott-Henderson and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment Nos. 16-07-2149 and 16-08-2346.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Rachel M. Lamb, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dejon Carroway appeals from the July 27, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm for the reasons set forth in Judge Michael E. Joyce's thorough and well-reasoned oral opinion.

On March 23, 2016, in Camden, defendant shot Erick Keesha Dodson and Jaquan Williams in an attempt to kill them because he believed they were involved in the murder of his friend several weeks earlier. He was indicted in Indictment No. 16-08-2346 for: two counts of first-degree attempted murder, N.J.S.A. 2C:5-1 and 11-3(a)(1); two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); two counts of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); second-degree possession of a firearm for a unlawful purpose, N.J.S.A. 2C:39-4(a)(1); and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1).

On May 1, 2016, also in Camden, defendant conspired with other individuals to forcefully take a car belonging to Wayne Roberts, while at least one of the individuals was armed with a handgun. Defendant was indicted in Indictment No. 16-07-2149 for: first-degree carjacking, N.J.S.A. 2C:15-2(a)(3); second-degree conspiracy to commit carjacking, N.J.S.A. 2C:5-2(a)(1) and

2

2C:15-2(a)(3); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1); and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1).

Defendant pleaded guilty to two counts of first-degree attempted murder under Indictment No. 16-08-2346, and second-degree conspiracy to commit carjacking under Indictment No. 16-07-2149. In exchange, the State agreed to recommend concurrent sentences of ten years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for the two counts of attempted murder, and a consecutive sentence of five years subject to NERA for second-degree conspiracy to commit carjacking.

Defendant was sentenced in accordance with the plea agreement.[1] The sentencing court acknowledged defendant was nineteen years old at the time of sentencing and determined, based on the adult presentence report, he had "twelve . . . [j]uvenile adjudications." Based on defendant's extensive juvenile record and the seriousness of the current offenses, the court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (the risk defendant will commit another

---

[1] The judgment of conviction relating to Indictment No. 16-07-2149 incorrectly lists the original and final charge as conspiracy to commit robbery, N.J.S.A. 2C:5-2(a)(1) and 2C:15-1(a)(3). Defendant was indicted for, pleaded guilty to, and was sentenced for conspiracy to commit carjacking.

offense), and nine, N.J.S.A. 2C:44-1(a)(9) (the need for deterring defendant and others from violating the law). It did not find any mitigating factors and determined "the aggravating factors clearly, convincingly[,] and substantially outweigh[ed] the" non-existent mitigating factors. Defendant did not file a direct appeal.

Defendant filed a pro se petition for PCR alleging ineffective assistance of counsel for failure "to present any mitigating factors" and oppose his "excessive sentence." After PCR counsel was appointed, he filed an amended petition and supplemental certification arguing counsel failed to: (1) argue mitigating factors, including age; (2) argue against the aggravating factors the court found; (3) argue against the imposition of a consecutive sentence; and (4) file a direct appeal.

On July 27, 2023, after hearing oral argument, Judge Joyce entered an order denying defendant's petition supported by an oral opinion. He found defendant failed to "articulate which of the [thirteen] mitigating factors in effect at the time should[ have] been argued at sentencing," and "there[ is] no reference to competent and credible evidence in the record to support a finding of any mitigating factors."

The judge carefully examined each statutory mitigating factor and explained why they did not apply. He determined mitigating factor fourteen, N.J.S.A. 2C:44-1(b)(14) (defendant was under age twenty-six at the time of the offense), did not apply because it was enacted after defendant was sentenced. Also, he concluded the failure to argue age as a non-statutory mitigating factor would not have changed the result.

The judge found defendant's extensive juvenile record, which included assault, aggravated assault, endangering involving abuse and neglect, theft, and robbery, amply supported the finding of aggravating factor three. Based on defendant's record and the seriousness of the offenses at issue in this case, he found aggravating factor nine applied because "there[ is] a need to specifically deter this defendant and generally deter others from engaging in" similar criminal conduct. He concluded, "[e]ven if . . . counsel argued in opposition to these aggravating factors, . . . the result . . . would [not] have been different. Defendant was sentenced in accordance with his favorable negotiated plea agreement[,] and [the] sentence[s] imposed were at the low end of each [sentencing] range."

The judge found defendant's excessive sentencing claim regarding the imposition of a consecutive sentence was not properly raised on PCR. He

5

nonetheless evaluated the facts of the case considering the factors set forth in State v. Yarbough,[2] and found "there can be no question . . . consecutive sentences would be imposed if . . . defendant was convicted after [being] tried separately on each indictment."  Even if counsel argued against a consecutive sentence, it would not have changed the result.  Because defendant failed to make a prima facie showing of ineffective assistance of counsel, the judge denied his request for an evidentiary hearing.

On appeal, defendant raises the following arguments for our consideration.

POINT I

BASED ON THE LACK OF ADVOCACY DURING SENTENCING, TRIAL COUNSEL WAS INEFFECTIVE AND DEFENDANT WAS DENIED HIS RIGHT TO COUNSEL.

A. Trial Counsel Was Ineffective By Failing To Argue Against The Aggravating Factors Found By The Trial Court.

B. [Trial] Counsel Was Ineffective For Failing To Argue That The Sentences Run Concurrent.

C. [Trial] Counsel Was Ineffective For Failing To Argue A Mitigating Factor.

---

[2]  100 N.J. 627 (1985).

A-0785-23

Having considered these arguments, we affirm for the reasons set forth in Judge Joyce's oral opinion. We add the following comments.

Because the court did not hold an evidentiary hearing, we review both the factual inferences drawn by the judge from the record and the judge's legal conclusions de novo. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020) (citing State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018)).

To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). This requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and then proving the defendant suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687; accord Fritz, 105 N.J. at 52.

Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015). The second prong requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 583 (quoting Strickland, 466 U.S. at 694).

A-0785-23

A defendant bears the burden of establishing a prima facie claim for PCR. State v. Gaitan, 209 N.J. 339, 350 (2012). Defendants "must do more than make bald assertions that [they were] denied the effective assistance of counsel" to establish a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688).

There is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, the defendant must demonstrate "how specific errors of counsel undermined the reliability of the" proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984); see also Fritz, 105 N.J. at 52 ("[P]rejudice must be proved . . . it is not presumed." (citing Strickland, 466 U.S. at 692-93)).

There are three prerequisites to granting an evidentiary hearing. A defendant is entitled to an evidentiary hearing if they present a prima facie case supporting PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds an evidentiary

8

hearing is required to resolve the claims presented. See State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).

We are satisfied defendant's petition was correctly denied. As the judge found, the sentencing court's findings of aggravating factors three and nine were amply supported by the record. Defendant failed to identify any applicable mitigating factors that should have been argued. He was sentenced at the low end of the applicable sentencing ranges pursuant to a very favorable plea agreement. There is no basis to conclude arguing age as a non-statutory mitigating factor would have resulted in a more lenient sentence. Defendant failed to satisfy either prong of the Strickland test.

The judge also correctly determined defendant's consecutive sentencing argument was not properly raised on PCR. "It is well-established that 'sentences claimed to be excessive are only reviewable on direct appeal and not by [PCR] application.'" State v. Flores, 228 N.J. Super. 586, 591 (App. Div. 1988) (quoting State v. Vance, 112 N.J. Super. 479, 481 (App. Div. 1970)).

"Stated somewhat differently, 'mere excessiveness of [a] sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground for [PCR] and can only be raised on direct appeal from the conviction.'"

9

Id. at 592 (quoting State v. Clark, 65 N.J. 426, 437 (App. Div. 1974)); see also R. 3:22-4(a)(1) (barring claims raised on PCR that could have "reasonably . . . been raised in any prior proceeding"). "A PCR petition is not a substitute for raising a claim on direct appeal, and generally an alleged excessive sentence—that is, a sentence within the range permitted by a verdict or a plea—is not cognizable on PCR." State v. Hess, 207 N.J. 123, 145 (2011) (internal citations omitted).

Moreover, as the judge concluded, the imposition of consecutive sentences was appropriate under the facts of this case. When determining whether to impose concurrent or consecutive sentences, our Supreme Court held

> some reasons to be considered by the sentencing court should include facts relating to the crimes, including whether or not:
>
> (a) the crimes and their objectives were predominantly independent of each other;
>
> (b) the crimes involved separate acts of violence or threats of violence;
>
> (c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;
>
> (d) any of the crimes involved multiple victims;

(e) the convictions for which the sentences are to be imposed are numerous.

[Yarbough, 100 N.J. at 644.]

The Yarbough guidelines leave "a fair degree of discretion in the sentencing courts." State v. Carey, 168 N.J. 413, 427 (2001). Here, all the Yarbough factors weigh heavily in favor of consecutive sentences. The crimes were committed at different times, their objectives were independent of each other, and they involved independent acts of violence with multiple victims. As the judge correctly concluded, even if counsel argued against consecutive sentences, it would not have changed the results of the proceeding.

Judge Joyce properly determined defendant failed to make a prima facie showing of ineffective assistance of counsel and appropriately denied his petition for PCR without an evidentiary hearing. To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0785-23