143 N.J. Super. 415 (1976)
363 A.2d 371
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS CUNNINGHAM, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 10, 1976.
Decided May 28, 1976.
*416 Before Judges ALLCORN, KOLE and ARD.
Mr. Stanley C. Van Ness, Public Defender, attorney for the appellant (Mr. James I. Peck IV, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Joseph P. Lordi, Prosecutor of Essex County, attorney for the respondent (Mr. Marc J. Friedman, Assistant Prosecutor, of counsel and on the brief).
PER CURIAM.
Defendant was sentenced to New Jersey State Prison for a period of not less than two nor more than three years upon conviction for possession of a controlled dangerous substance contrary to N.J.S.A. 24:21-20. After serving approximately four months in the New Jersey State Prison, defendant moved for a reduction or change of sentence pursuant to R. 3:21-10. The motion was granted and the trial judge suspended execution of the balance of the original sentence and placed defendant on probation for a period of three years. As a special condition of probation, the judge ordered defendant to enter and remain as a resident in Integrity House until medically discharged. Thereafter, defendant was charged with violating the conditions of his probation by leaving Integrity House without consent of the staff and failing to report to the Probation Department. Defendant pleaded guilty to violating the conditions of probation and was sentenced to the New Jersey State Prison for a minimum of three years and a maximum of four years pursuant to N.J.S.A. 2A:168-4. Thereafter, defendant filed a motion which was considered by the court as an application for post-conviction relief to correct an illegal sentence. The application was denied; defendant appeals the imposition of a *417 higher sentence and requests reinstatement of the original custodial sentence.
Defendant argues that the trial judge's revocation of his probation and imposition of a new and higher sentence violates the constitutional prohibition against placing an accused in double jeopardy. Defendant does not dispute the judge's determination that he violated the conditions of probation. He further concedes that if he had been originally placed on probation after suspension of sentence a subsequent violation of the terms of probation would permit the sentencing judge to resentence him to a longer term than the original suspended sentence, by virtue of N.J.S.A. 2A:168-4.
That portion of N.J.S.A. 2A:168-4 dealing with the powers of the judge upon a determination of violation of probation reads in pertinent part as follows:
Thereupon the court, after summary hearing, may continue or revoke the probation and the suspension of sentence, and may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed. [Emphasis supplied]
Defendant contends that where, as here, part of the prison term has been served before probation, N.J.S.A. 2A:168-4 does not apply. His argument is that jeopardy has already attached and therefore to reimpose a higher sentence would be double jeopardy. We disagree.
Although jeopardy attaches at the beginning of execution of sentence, State v. Laird, 25 N.J. 298 (1957), the higher second sentence imposed after a determination of violation of the terms of probation is not a second jeopardy attaching for the original crime. The second sentence is imposed for violation of the terms of probation, caused by defendant's subsequent act, and is not a second or additional punishment for the original crime. It is because of the subsequent violation of probation that the judge is no longer bound by the previous sentence and is free to impose whatever sentence might originally have been imposed. In re White, 18 N.J. 449, 456 (1955); State v. Pallitto, 107 N.J. *418 Super. 96, 100 (App. Div. 1969), certif. den. 55 N.J. 309 (1970).
In Pallitto the court stated:
* * * when a defendant is sentenced anew for violation of probation, N.J.S.A. 2A:168-4 authorizes the imposition of `any sentence which might originally have been imposed.' The old sentence is no longer binding upon the sentencing judge, although it may be reimposed within the court's discretion. For violation of probation an increased sentence is permitted. [Citations omitted]
Moreover, a contrary ruling by this court would undermine the salutary purposes of R. 3:21-10. To support defendant's double jeopardy argument would undoubtedly have a chilling effect on the sentencing judge's willingness to reconsider a sentence and place a defendant on probation, with or without special conditions. A defendant, released from custodial sentence to permit entry into a drug rehabilitation program, would hardly be deterred from violating the conditions of probation if the sentencing judge, in resentencing a probation violator, was restricted to the original sentence.
Affirmed.