241 N.J. Super. 458 (1989)
575 A.2d 491
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT ERVIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1989.
Decided October 16, 1989.
*461 Before Judges O'BRIEN, HAVEY and STERN.
Susan J. Abraham, Designated Counsel, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney; Susan J. Abraham of counsel and on the brief).
Marsetta Lee, Deputy Attorney General, argued the cause for respondent (Peter N. Perretti, Jr., Attorney General, attorney; Marsetta Lee of counsel and on the letter brief).
The opinion of the court was delivered by STERN, J.A.D.
This case requires us to consider defendant's principal argument that he, after being placed on probation, could not be resentenced to a maximum above that embodied in his original negotiated disposition. While we reject that argument, we nevertheless remand for resentencing consistent with the Supreme Court's recent holdings in State v. Molina, 114 N.J. 181, 553 A.2d 332 (1989) and State v. Baylass, 114 N.J. 169, 553 A.2d 326 (1989).

*462 I.
Defendant was charged with various offenses embodied in multiple indictments. Pursuant to a negotiated plea, he pled guilty in 1982 to second degree robbery, N.J.S.A. 2C:15-1, fourth degree theft, N.J.S.A. 2C:20-3, and third degree attempted burglary, N.J.S.A. 2C:5-1 and 2C:18-2. In exchange, the State recommended dismissal of various charges and that the sentences run concurrently. As a result of the recommendation for concurrent sentences, defendant was exposed to a ten year maximum sentence  the maximum for the second degree robbery  as well as a presumption of imprisonment for that offense. See N.J.S.A. 2C:44-1d. At the time of plea, the defendant was advised of the maximum for each offense to which he was pleading guilty and indicated that he understood the recommendation for concurrent sentences and the potential of a maximum ten year term of incarceration. He was not specifically advised about a potential parole ineligibility term.[1]
On November 4, 1982 defendant was placed on probation conditioned upon his remaining in the Turning Point Drug Program, a rehabilitation program in which he was then enrolled. During the course of the sentence, the judge stated:
Now, the reason you're getting this sentence is because if I pull [you] out of Turning Point the likelihood is you will go back to drugs and that would not be good for you or the community. However, I put you on probation for five years. If you ever go back to drugs, it's a violation of probation and then you can be assured of the fact you will go away to prison for as long as a time I can possibly sentence you.
Defendant spent considerable time thereafter in a drug treatment program. However, on June 6, 1985 defendant admitted violating his probation by not completing the program, being convicted in municipal court for a subsequent theft, being in possession of CDS on February 22, 1985 and having begun *463 to steal for drugs. After reviewing an updated presentence report, the judge who accepted the guilty plea to the violation resentenced the defendant.
After noting that defendant "had every opportunity ... to rehabilitate himself," and that he had been "sentenced to probation at least six different times, all to no avail," and that "defendant [is] a repeat offender who has committed crimes against society," id., including second degree robbery with a presumption of imprisonment, the judge reviewed the facts relating to the offenses and defendant's record and concluded that "the public must be protected against him now and in the future" and that "he must now be seriously punished". The judge announced his "intention ... to protect society for as long a period as possible from the likes of this defendant, ... [as] there is every probability that he will continue with his criminal ways unless sufficiently punished." Finding "that the aggravating circumstances substantially outweigh the mitigating circumstances" and that "no mitigating circumstances apply", the judge reached
the inescapable conclusion that not only do the aggravating circumstances preponderate in favor of a greater sentence than the presumptive sentence, [but also] that the court is clearly convinced that the aggravating circumstances so substantially outweigh the mitigating circumstances that a period of parole ineligibility must of necessity be imposed to penalize the defendant for his criminal activity hopefully to deter others and more importantly to protect society for as long a period as possible from this particular defendant.
The court thereupon imposed maximum consecutive sentences with maximum parole ineligibility terms  a ten year sentence with five years parole ineligibility for the robbery, a five year sentence with two and one-half years before parole eligibility on the burglary and an eighteen month sentence with nine months before parole eligibility for the fourth degree theft. The aggregate sentence was therefore sixteen and one-half years with eight and one-quarter years of parole ineligibility.
Defendant appealed and we affirmed the sentence after argument on the Excessive Sentence calendar. Only the issue of excessiveness was considered on the appeal from the violation *464 of probation proceedings, as evidenced by our order noting that "the sole issue on appeal is the alleged excessiveness of sentence." Defendant subsequently moved for reargument of the appeal. In his accompanying certification counsel stated "[i]n arguing defendant's appeal, it was not urged on his behalf that the rule of law announced in State v. Kovac [sic], 91 N.J. 476 [453 A.2d 521] (1982) was applicable to the facts of this case." The motion sought to raise that issue, but the motion was denied.[2]
Subsequently, defendant filed a petition for post-conviction relief contending that the sentence imposed on the violation of probation was illegal because defendant was "never fully advised of the consequences of his plea", and because a parole ineligibility term was imposed in violation of State v. Kovack, 91 N.J. 476, 453 A.2d 521 (1982). Defendant also argued that the sentence violated the guidelines embodied in State v. Yarbough, 100 N.J. 627, 498 A.2d 1239 (1985). cert. den., 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986), and that there was no procedural bar to his post-conviction claims because he had been denied effective assistance of counsel and such a bar would constitute a "fundamental injustice." R. 3:22-4(b). These arguments were made at a hearing on our remand conducted after we reversed the initial summary denial of the petition for post-conviction relief without assignment of counsel. See State v. King, 117 N.J. Super. 109, 283 A.2d 757 (App.Div. 1971); R. 3:22-6(a). The petition was denied on September 16, 1988.
We are, of course, precluded from reconsidering the issue of excessiveness decided on the prior appeal. R. 3:22-5. The claims of illegality, however, were not raised on that appeal, and given the motion for reconsideration and the fact that State v. Molina, supra, and State v. Baylass, supra, were *465 decided while this appeal from the denial of post-conviction relief was pending, we have determined to consider the issues presented to us, see R. 3:22-4(a), (b); cf. State v. Nash, 64 N.J. 464, 474-475, 317 A.2d 689 (1974) (permitting consideration of new case decision); State v. Clark, 65 N.J. 426, 437, 323 A.2d 470 (1974) (relaxing procedural bar in "egregious circumstances"), to the extent that they deal with the legality of the sentence otherwise cognizable on a petition for post-conviction relief. See R. 3:22-2(c).

II.
We first consider defendant's principal argument that "the sentence imposed after defendant's violation of probation is illegal as it exceeds the concurrent ten year sentence defendant was promised and includes a period of parole ineligibility for which defendant was not warned."[3] It is defendant's position that upon a violation of probation the defendant cannot receive a sentence greater in duration than the maximum authorized by the negotiated plea unless, at the time of plea, he is advised of that consequence or possibility upon revocation. It is also defendant's position that, upon violation of probation, no period of parole ineligibility can be imposed unless the defendant was warned of that possibility at the time of original plea. We note, although the present issue was not specifically addressed in the opinion, that defendant Baylass was placed on probation as a result of a recommendation that he receive concurrent five year probationary terms. See 114 N.J. at 171, 553 A.2d 326. There was no suggestion in the Supreme Court's opinion in Baylass, supra, that no custodial sentence could be imposed upon the violation. In fact, the consequence of defendant's argument is that a defendant placed on probation after negotiating a noncustodial sentence can never receive a custodial *466 sentence unless he is told at the time of original plea about that possibility.
Defendant basically relies upon the "rationale" expressed in State v. Ryan, 86 N.J. 1, 429 A.2d 332 (1981), cert. den. 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981) and the "mandate" of State v. Kovack, supra.
Ryan received a custodial sentence which was subsequently reduced pursuant to R. 3:21-10(b) as a result of which Ryan, like defendant, was placed on probation conditioned upon his participation in a custodial drug treatment facility or program. After violating the conditions of his probation, Ryan received a custodial sentence greater in duration than that originally imposed by the sentencing judge. The Supreme Court held that defendant, upon revocation, could not receive a sentence which would exceed the custodial term originally imposed. Speaking for the court, Justice Clifford stated:
Although the statements of principle justifying the imposition of custodial sentence after probation revocation under N.J.S.A. 2A:168-4 have not been entirely consistent, ... the sentence imposed after revocation of probation should be viewed as focusing on the original offense rather than on the violation of probation as a separate offense. This is borne out by the statute's limitation on the sentence that follows a violation of probation to the sentence already imposed or one that might originally have been imposed, thereby by anchoring the proceedings to the original offense. The custodial term allowed by the statute is imposed because of the defendant's failure to abide by the conditions of his probation but is not for the violation of those conditions. [86 N.J. at 7-8, 429 A.2d 332] (emphasis in original).
See also State v. Molina, supra; State v. Baylass, supra. Additionally, the court concluded that "jeopardy attached as soon as defendant commenced serving his [original] prison term, hence principles of double jeopardy foreclosed the imposition of any increased term after violation of probation." Ryan, 86 N.J. at 9, 429 A.2d 332. This was essentially because defendant had a "legitimate expectation of finality in his original sentence", Id. at 10, 429 A.2d 332.
Ryan is distinguishable from this case for two reasons. First, the defendant here received no custodial sentence which was reduced when he was placed on probation and subsequently *467 increased upon revocation. Secondly, defendant was sentenced under the Code of Criminal Justice and received a probationary sentence under N.J.S.A. 2C:45-2 without suspension of a prior imposed sentence  the practice employed prior to adoption of the Code of Criminal Justice. In fact, the Code provides that probation is itself a sentence, see N.J.S.A. 2C:45-1, -2, which may be revoked upon violation.
N.J.S.A. 2C:45-3b provides "when the court revokes a suspension or probation, it may impose on the defendant any sentence that might have been imposed originally for the offense for which he was convicted." The distinction between Title 2A and Title 2C with respect to probationary sentences in this respect is noted in Ryan which, although a Title 2A case, was decided after the Code of Criminal Justice was adopted:
... [T]he sentencing discretion can be exercised in the case of a particular offender who has served a portion of his custodial term as well as it can in the case of one who has violated the terms accompanying his suspension or probation. We acknowledge the absence of perfect symmetry between the first situation, in which the defendant can be returned to confinement only for the balance of his previously imposed sentence, and the second, where the defendant faces the maximum term that could be imposed for the offense of which he was convicted. These are appropriate matters for consideration by the court faced with a motion for modification of sentence under R. 3:21-10. If, under the circumstances of this case and [State v.] Cunningham [143 N.J. Super. 415, 363 A.2d 371 (App.Div. 1976)] the court's exercise of discretion is `chilled' by the prospect that a probation violator will be exposed to no more than the unserved balance of his term  a prospect we deem unlikely  that is simply the price of vindication of a defendant's right not to be put in double jeopardy. [Id. 86 N.J. at 12-13, 429 A.2d 332; footnote omitted.]
This case does not involve the reduction under R. 3:21-10, as opposed to a revocation of the initial sentence. Therefore, Ryan provides no benefit to the defendant in terms of his argument that a sentence could not be imposed above the maximum embodied in the original plea agreement.[4]
*468 In State v. Kovack, supra, the Supreme Court held that "... a defendant must be informed of any period of parole ineligibility that is likely to become part of his sentence", 91 N.J. at 479, 453 A.2d 521 (emphasis added) and that, at the time of plea, "... the court must make certain that defendant has been made aware of any loss of parole opportunities that may be a component of the sentence." Id. at 483, 453 A.2d 521. As the court stated, "[o]bviously, this is best accomplished by the court satisfying itself, through specific question and answer, that defendant understands the possibility that a stated period of parole ineligibility can be made part of the sentence." Id. at 484, 453 A.2d 521 [footnote omitted]. In the absence of such advice, no period of parole ineligibility can be imposed without giving the defendant the option of withdrawing his guilty plea subject to reinstatement of any dismissed charge, endeavoring to renegotiate the agreement, or accepting the sentence. Id. at 485, 453 A.2d 521. See also State v. Howard, 110 N.J. 113, 122-126, 539 A.2d 1203 (1988).
We do not read Kovack, supra, as applying in this setting. Defendant's initial sentence conformed to the original negotiated plea; in fact, defendant received a sentence substantially below that for which he negotiated. See and compare State v. Warren, 115 N.J. 433, 558 A.2d 1312 (1989). In essence, defendant is contending that he must be told at the time of plea of a consequence of his failure to satisfy the conditions of probation, and our Supreme Court has made clear that "defendant need be informed only of the penal consequences of his plea and not the collateral consequences ..." State v. Heitzman, 209 N.J. Super. 617, 622, 508 A.2d 1161 (App.Div. 1986), aff'd o.b., 107 N.J. 603, 604, 527 A.2d 439 (1987). While we are not here dealing with a "collateral consequence" in the traditional sense, relating to a statutory bar or forfeiture flowing from the conviction itself, we are dealing with the "collateral consequence" of defendant's failure to honor the conditions of probation imposed upon the original conviction. The consequence flows exclusively from defendant's failure to *469 honor those conditions, which conditions the defendant must expressly acknowledge prior to service of the sentence. See R. 3:21-7. See also N.J.S.A. 2C:45-1, State v. Garland, 226 N.J. Super. 356, 362-366, 544 A.2d 417 (App.Div. 1988).
In fact, R. 3:21-7 provides that a probationary sentence requires a defendant to honor the standard conditions of probation as well as the special conditions imposed and that a copy of the judgment embodying the court's sentence "together with the standard and special conditions, shall be furnished the defendant, and read and explained to him by the probation officer, whereupon the defendant and the probation officer shall sign a joint statement, to be filed with the clerk of the court, as to the officer's compliance with such reading and requirement. If the defendant refuses to sign such statement, he shall be resentenced." (emphasis added). As Judge Pressler has noted
... the rule specifies the contents of the probation order, imposes the obligation on the probation officer to make them clear to defendant, and requires the filing of a statement signed both by the officer and the defendant as to the former's compliance with that obligation. These provisions were all intended to insure defendant's understanding of the consequences of being placed on probation.... [T]he last sentence of [R. 3:21-7](a) was added to make clear the power of the court to resentence a defendant who either refuses to be placed on probation or rejects any of the conditions. [Pressler, Current N.J. Court Rules, Comment to R. 3:21-7].
We are therefore satisfied that, upon revocation of probation, defendant may be sentenced to "any sentence that might have been imposed originally for the offense of which he was convicted", N.J.S.A. 2C:45-3b, even though that sentence is above the maximum embodied in the original plea agreement, provided however, that the procedure at sentencing must now also conform to the dictates of State v. Molina, supra, and State v. Baylass, supra.
Even though we reject defendant's principal contention that he may not be resentenced above the term embodied in the plea agreement, we recognize that State v. Kovack rejected reliance upon review of the plea form for purposes of assuring the defendant's understanding of the consequences of his plea. *470 See State v. Kovack, supra, 91 N.J. at 484, 453 A.2d 521. Therefore, even when a probationary sentence is recommended as part of a plea agreement, we think it good practice to make sure, notwithstanding the maximum term authorized for the offense as embodied in the plea agreement form filed with the clerk, that the trial judge should always indicate to the defendant at the time of plea the maximum exposure for the offenses to which he pleads guilty without regard to the negotiated disposition, and that defendant is exposed to that maximum and, possibly, a parole ineligibility term in the event he is placed on probation and violates the conditions thereof. In any event, we believe that the sentencing judge should always advise the defendant before placing him on probation of the consequences of a violation. Cf. State v. Ryan, supra. We also recommend that R. 3:21-7 be amended to provide that the statement which must be signed by the defendant contain acknowledgement of the advice that upon any violation he may be resentenced subject to the statutory maximum for the offense or offenses to which he is being sentenced after plea or verdict. As noted by the majority in State v. Heitzman, supra, "[o]f course, a trial court would be well advised to inform a defendant of any collateral consequences of which the court may be aware", 107 N.J. at 604, 527 A.2d 439, and while a court need not advise of all potential consequences, we believe that probation violations are so numerous that it is prudent to give that advice at the time a defendant is placed on probation.

IV.
Before turning to the claim that the judge violated the guidelines of Baylass and Molina upon resentencing defendant, we must further address the procedural question regarding whether defendant's claims are cognizable by petition for post-conviction relief. R. 3:22-2(c) provides that post-conviction relief may be granted where the sentence imposed is "in excess of or otherwise not in accordance with the sentence authorized by law." We must therefore decide whether sentences imposed in *471 violation of our Supreme Court's recent opinions in State v. Baylass, supra, State v. Molina, supra, and State v. Yarbough, 100 N.J. 627, 498 A.2d 1239 (1985) can be said to constitute "illegal" or "unauthorized", as opposed to merely "excessive", sentences.
Prior to adoption of the Code of Criminal Justice, R. 3:22-2(c) was interpreted to prohibit post-conviction challenges to allegedly excessive sentences, and the relevant cases held that only "illegal" sentences were cognizable by post-conviction relief. See, e.g., State v. Pierce, 115 N.J. Super. 346, 347, 279 A.2d 871 (App.Div. 1971), certif. denied, 59 N.J. 362, 283 A.2d 106 (1971); State v. Vance, 112 N.J. Super. 479, 481, 271 A.2d 726 (App.Div. 1970), certif. denied, 58 N.J. 97, 275 A.2d 153 (1971). See also State v. Flores, 228 N.J. Super. 586, 550 A.2d 752 (App.Div. 1988), certif. denied, 115 N.J. 78, 556 A.2d 1220 (1989). As our Supreme Court made clear "... mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground for post-conviction relief, and can only be raised on direct appeal...." State v. Clark, 65 N.J. 426, 437, 323 A.2d 470 (1974). While the cases dealt with the distinction between "illegal" and "excessive" sentences, little was developed with respect to what constituted an "unauthorized" sentence, but the cases made clear that relief was to be accorded only where a sentence exceeded authorized statutory limits. State v. Flores, supra, 228 N.J. Super. at 591-592, 550 A.2d 752. See also State v. Clark, supra, 65 N.J. at 437, 323 A.2d 470.
However, because of the technical requirements of the Code of Criminal Justice, designed to reduce judicial discretion and eliminate undue sentence disparity, "... the distinction between an `illegal' and an `excessive' sentence has become blurred." State v. Flores, supra, 228 N.J. Super. at 594, 550 A.2d 752. As Judge Baime recently said

*472 [t]he point to be stressed is that the parameters of sentencing discretion have been substantially narrowed by the Code's provisions, and consequently sentencing decisions depend upon application of specific criteria and guidelines.... At one end of the spectrum are sentences, the quantum or length of which is beyond the maximum provided by law. Such sentences are clearly illegal and correctable in post-conviction relief proceedings. At the other end of the spectrum are sentences which are, at least ostensibly, based upon application of the appropriate aggravating and mitigating factors, but which nevertheless appear to be unreasonable in the sense that they shock the conscience. Most would agree that such sentences are excessive, but not illegal, and thus subject to correction only on direct appeal.
Against this backdrop, we are convinced that questions concerning the adequacy of the sentencing court's findings and the sufficiency of the weighing process employed should be addressed only by way of direct appeal. Important public policy considerations, firmly grounded in the efficient and fair administration of criminal justice, bring us to this result. [Id. at 594-595, 550 A.2d 752].
We agree with this observation and note that in this case defendant's direct appeal from the sentence imposed upon violation of probation was rejected. It is clear that issues relating to the determination of aggravating and mitigating factors, the balancing thereof and the conclusions resulting from that balancing generally deal with claims of "excessiveness", as opposed to "illegality", provided that the sentence imposed falls within the range authorized by the Legislature for the degree of crime involved. See N.J.S.A. 2C:43-6, -7.
In State v. Flores, supra, we concluded that a claimed violation of the Supreme Court's guidelines developed in State v. Yarbough is not "an issue cognizable in post-conviction relief proceedings because it does not relate to the legality of the sentence imposed." We observed that "such claims have historically been characterized as relating to the `excessiveness' of the sentences, rather than their legality." Flores, supra, 228 N.J. Super. at 596, 550 A.2d 752. Flores, however, did not deal with a sentence imposed on a violation of probation.
The alleged violation of the Baylass-Molina rationale is harder to classify. In State v. Baylass, supra, the Supreme Court held:

*473 ... that a violation of probation relates to mitigating, not aggravating, factors as identified at a defendant's original sentencing hearing. Except insofar as the probation violation affects the weight to be accorded to mitigating factors, the violation may not be used to impose a prison term greater than the presumptive sentence or a period of parole ineligibility. Nor should probation violations be used to justify the imposition of consecutive sentences. [114 N.J. at 170-171, 553 A.2d 326].
Baylass involved a "technical" violation (as opposed to a violation based on a new offense) in that defendant failed to keep appointments with his probation officer and continued to use drugs. In concluding that a probation violation could affect the court's original determination of mitigating, as opposed to aggravating, factors and that the only aggravating factors that the court could consider upon imposing sentence for the violation of probation were those "that existed at the time of the initial sentencing", id. at 176, 553 A.2d 326, the court concluded
[i]f a probation violation could be considered as an aggravating factor, the sentence imposed after that violation could be longer than the one to which the defendant was exposed when originally sentenced. The reason is that the subsequent sentence would entail consideration of defendant's probation violations as new aggravating factors. The longer prison term would result from the defendant's failure to fulfill the terms of probation, a result that breaches the rule that sentences should be oriented toward the offense, not the offender. Id. at 175, 553 A.2d 326.
See also State v. Molina, supra; State v. Ryan, supra, 86 N.J. 1, 7-8, 429 A.2d 332 (1981). However, the court also stated:
Once the court determines that the violation justifies revocation of probation, the Code controls the sentencing decision. Specifically, the term of imprisonment should not exceed the presumptive sentence unless the aggravating factors preponderate over the mitigating factors. N.J.S.A. 2C:44-1f(1). In weighing those factors the court should consider the aggravating factors found to exist at the original hearing and the mitigating factors as affected by the probation violations. We anticipate that it will be a rare case in which the balance of the original aggravating factors and surviving mitigating factors weigh in favor of a term of imprisonment greater than the presumptive sentence or of a period of parole ineligibility. [114 N.J. at 178, 553 A.2d 326 (emphasis added)].
We do not read State v. Baylass or State v. Molina as prohibiting as a matter of law the imposition of any sentence imposed above the presumptive term or with a parole ineligibility term upon a violation of probation, provided the trial judge expressly states his reasons for concluding that the original aggravating *474 factors considered upon elimination of some or all of the original mitigating factors warrant the conclusion that the aggravating factors preponderate and so outweigh the mitigating as to warrant that result. We therefore reject the defendant's argument that the sentences imposed in this case are "illegal" because they were imposed above the presumptive terms and because they involve periods of parole ineligibility which result from a similar conclusion that the aggravating factors substantially outweigh the mitigating. See State v. Kruse, 105 N.J. 354, 362, 521 A.2d 836 (1987).
However, we also reject the State's contention advanced at oral argument before us that the judge on violation of probation in this case properly imposed a de novo sentence without regard to the guidelines developed in Baylass and Molina because he was not the original sentencing judge and because the original sentencing judge made a clear mistake in imposing the original sentence notwithstanding the presumption of imprisonment. The short answer to that contention is that the State had the right to appeal from the probationary sentence originally imposed notwithstanding the presumption of imprisonment for a first or second degree crime. See N.J.S.A. 2C:44-1f(2); see also N.J.S.A. 2C:44-1(d); State v. O'Connor, 105 N.J. 399, 522 A.2d 423 (1987); State v. Partusch, 214 N.J. Super. 473, 519 A.2d 946 (App.Div. 1987). Having not appealed, a probationary sentence was imposed and defendant remained on probation for several years before the violation proceedings occurred.
We conclude that the matter should be remanded for resentencing because, on the violation proceeding, the trial judge, considering the matter before Baylass and Molina were decided, violated its dictates and therefore imposed a sentence not "authorized" by N.J.S.A. 2C:45-3 as interpreted in Baylass and Molina. Cf. State v. Clark, supra, 65 N.J. at 437, 323 A.2d 470; State v. Lark, 229 N.J. Super. 586, 592-593, 552 A.2d 229 (App.Div. 1989), certif. granted, 117 N.J. 51, 563 A.2d 819 *475 (1989) (applying State v. Howard on P.C.R.). We emphasize that our conclusion does not give rise to post-conviction relief proceedings with respect to claims that the trial judge erred in imposing sentence by misinterpreting or misapplying a statutory provision embodied in chapter three of the Code of Criminal Justice. Rather, we hold only that consecutive sentences above the presumptive term with a period of parole ineligibility, imposed upon violation of probation prior to and without regard to the criteria embodied in Baylass and Molina, can be collaterally attacked on post-conviction relief.
Finally, we note that here the defendant was sentenced for a violation which included a new offense and point out that our Supreme Court in State v. Baylass was specifically dealing with a violation of probation of a "technical" nature not involving a new offense for which the defendant was convicted. State v. Baylass, supra, 114 N.J. at 176, 553 A.2d 326, acknowledges the argument that a new offense evidences the risk that defendant may commit another offense, N.J.S.A. 2C:44-1a(3), and the need to deter that defendant. N.J.S.A. 2C:44-1a(9). While the fact that the new offense occurred while defendant was serving probation may well constitute an aggravating factor with respect to the new offense, N.J.S.A. 2C:44-1a(3), (9), we do not believe this to be the appropriate time to address whether a violation because of a new offense can result in additional aggravating factors or in balancing to the effect that, qualitatively, the resulting aggravating factors in the absence of any mitigating factor might justify imposition of a sentence above the presumptive term, an ineligibility term or consecutive sentences for reasons expressed on the record. The issue may be explored on remand.
Remanded for resentencing on the violation of probation.
NOTES
[1] There was some discussion about the impact of the plea on the probationary sentence defendant was then serving, and defendant was advised that "if you went on probation after these charges then it's not likely that your probation will be violated over this plea."
[2] The excessive sentence appeal was decided on September 16, 1986. The motion for reconsideration, filed on March 17, 1987, was untimely.
[3] We address this issue notwithstanding that it may be academic in this case where the original recommendation permitted custodial sentences above the presumptive term.
[4] Of course, where defendant is placed on probation after a successful motion under R. 3:21-10, his original sentence must have been limited by the maximum term embodied in the plea agreement.