**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3731-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARIUS H. GITTENS,

    Defendant-Appellant.

_____

Submitted November 7, 2024 – Decided December 27, 2024

Before Judges Paganelli and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 13-06-0659.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Darius H. Gittens, appeals from the June 2023 order denying, without an evidentiary hearing, his application for post-conviction relief (PCR). Defendant appeals the PCR court's decision that rejected his claim of ineffective assistance of appellate counsel. He contends counsel on direct appeal insufficiently addressed the sentencing court's alleged error in undervaluing his post-arrest cooperation with law enforcement. Because defendant's claims failed to warrant a hearing, we affirm.

I.

We affirmed defendant's conviction and sentence on direct appeal. See State v. Gittens, No. A-1868-16 (App. Div. July 18, 2019) (slip op. at 4). Given the limited scope of defendant's current appeal, we outline the more salient facts and procedural history from our prior opinion and the record.

A.

Defendant was charged in a ninety-six-count indictment, along with a co-defendant, for a series of twenty-five burglaries and related offenses committed in 2011 and 2012. He was tried and convicted in 2015 by a jury on several severed counts including three separate third-degree home burglaries and a

related second-degree theft.[1]  Id. at 2.  Thereafter, defendant entered an "open plea to twenty additional third-degree burglaries, three related second-degree thefts, and one third-degree attempted burglary."  Ibid.  In October 2016, the trial court sentenced defendant to an aggregate term of seventeen years' imprisonment with eight years' minimum parole ineligibility.  Ibid.

Testimony at trial revealed that after his arrest in September 2012, defendant contacted one of the investigating detectives and "cooperate[d] with police . . . in obtaining property that was eventually returned to [one of the victims]."  The detective testified that defendant requested, and the police returned, defendant's GPS to him so he could travel to retrieve stolen property located in New York.  Defendant then returned "a men's watch, bracelets, necklaces, Waterford bookends, [and] antique purses."

At sentencing before the trial judge who had heard the testimony regarding defendant's cooperation, defense counsel and defendant argued that defendant deserved the benefit of mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12).[2] Defense counsel argued that factor twelve applied because defendant

---

[1]  The co-defendant testified at defendant's trial, implicating defendant, and received a sentence of probation conditioned upon 364 days in jail.

[2]  Mitigating factor twelve addresses "[t]he willingness of the defendant to cooperate with law enforcement authorities."  N.J.S.A. 2C:44-1(b)(12).

cooperated with law enforcement, including providing information to assist in their investigation of co-defendant and another associate and traveling to New York and Florida attempting to secure and return the stolen property. Counsel argued that "the best evidence that the State had in all of their cases w[ere] . . . items that [defendant] gave back in order to try to help make the victims whole."

Both defendant and his counsel cast co-defendant as the person who actually committed the burglaries and defendant as "the person [who] would kind of fence all the items" and cooperated with police. Defendant addressed the court at length regarding the extent of his cooperation, emphasizing that he "provided all of the cooperation," by comparison to co-defendant who "did[ no]t provide anything" but received a probationary sentence.

The sentencing court considered the cooperation arguments and rejected mitigating factor twelve. The court stated:

> [D]efendant is sophisticated and as the [c]ourt reads the presentence report . . . and by virtue of what . . . defendant has said, . . . what he was really seeking was transactional immunity for any drugs or goods . . . that he returned, he was bargaining for a lesser sentence by returning the stolen goods. It was not totally altruistic and . . . defendant knew at that point . . . that the police probably had some DNA evidence which was clearly going to link him to the commission of some of the offenses so the [c]ourt does

not take the cooperation into account as a mitigating factor.

The court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3), the risk defendant will reoffend, six, N.J.S.A. 2C:44-1(a)(6), the nature and extent of defendant's criminal history, and nine, N.J.S.A. 2C:44-1(a)(9), the need for deterrence of defendant and others, "clearly outweigh[ed]" the non-existent mitigating factors. As we previously summarized,

> [f]ollowing the merger of four burglary counts into related theft counts, the court imposed consecutive terms of ten years and seven years on two of the theft counts, with parole ineligibility terms of five and three years, respectively. The court imposed concurrent seven-year terms on the remaining two theft counts. As for the multiple remaining (unmerged) burglary and attempted burglary counts, the court imposed concurrent five-year terms.
>
> [Gittens, slip op. at 2-3.]

### B.

On direct appeal, among other arguments concerning alleged trial and other errors, defendant challenged his sentence as excessive and disparate from that of his co-defendant, arguing the court erred in finding certain aggravating factors and failing to find any mitigating factors.

We determined sufficient evidence supported the trial court's findings as to the sentencing factors. We similarly "reject[ed] defendant's argument that the

5

sentence should be set aside because of the disparity with the sentence of his co-defendant," recognizing, as did the sentencing court, that the co-defendant pled guilty and was not similarly situated. Id. at 18.

We squarely addressed defendant's claim that the court erred in rejecting mitigating factor twelve:

> Defendant contends the court erred in finding no mitigating factors. He highlighted at sentencing, and repeats before us, that he cooperated with police by retrieving several items. The court addressed the argument, but concluded that defendant's efforts were a self-serving attempt to secure a favorable disposition in a case in which the State had compelling DNA evidence against him. The court duly acknowledged defendant's cooperation, but was not compelled under the circumstances to grant the mitigating factor any weight. See State v. Dalziel, 182 N.J. 494, 504-05 (2005) (stating a judge was required to acknowledge defendant's cooperation, but was not required to give it weight).

> [Id. at 17.]

## C.

On October 14, 2021, defendant filed a petition for PCR, accompanied by a certification in support of his petition, raising various claims related to alleged discovery violations, the disparate sentence of co-defendant, and the purported sentencing errors at issue here. Defendant's petition included a document he

6

termed his "sentencing [s]tatement," which he claimed the trial court "prevented" him from reading at his sentencing hearing.[3]

PCR counsel filed a supplemental brief that focused on the significant difference between the co-defendant's sentence and that imposed upon defendant. Specifically, PCR counsel argued: (1) trial counsel was ineffective for failing to provide defendant with various discovery items and intentionally withholding evidence favorable to his defense and supporting available mitigating sentencing factors; and (2) the trial court imposed an excessive and illegal sentence. Neither defendant's petition nor PCR counsel's arguments addressed any errors on the part of appellate counsel.

The State countered that defendant had raised nothing more than "bald assertions" and "conspiracy theories." As to the sentencing challenge, the State argued "this exact issue" was raised and resolved on direct appeal and should not be relitigated in a PCR petition.

---

[3] We glean from the sentencing record that defendant began reading this statement, which, in addition to addressing his cooperation, raised grievances with defense counsel and the prosecutor and alleged trial and discovery errors. Before defendant finished, the court instructed defendant to confine his statement to the mitigating and aggravating factors and information pertinent to defendant's requested sentence of special probation.

A-3731-22

On June 7, 2023, the PCR judge denied defendant's petition in its entirety. The judge's thorough written decision, in pertinent part, addressed and denied what it identified as defendant's claim that appellate counsel was ineffective for failing to sufficiently advance the argument that the sentencing court erred in rejecting mitigating factor twelve.

The PCR judge first found the mitigating factor twelve claim merely reprised defendant's excessive sentence claims, which are not proper for PCR. The judge reasoned:

> [Defendant's] sentence was reviewed and affirmed by the Appellate Division. The appellate court accepted the trial court's findings applying the aggravating and mitigating factors. For example, the sentencing judge rejected consideration of mitigating factor [twelve] for good reasons, and that decision was upheld on appeal. Review of his sentencing is only an issue for direct appeal, has already been addressed, and is not appropriate for consideration in this PCR motion. See . . . Rule 3:22-3, and State v. Acevedo, 205 N.J. 40, 47 (2011), the claim of excessive sentence is "not an appropriate ground for (PCR)."

Nonetheless, the judge found defendant did not raise any specific facts or examples of appellate counsel's alleged deficiency, determining "[d]efendant's allegations of inadequate representation [we]re too vague, conclusory, or speculative to warrant an evidentiary hearing." Thus, the judge denied defendant's request for an evidentiary hearing, finding defendant failed to meet

Strickland's requirements and "ha[d] not supported his PCR claims with other evidence outside of vague assertions and general disagreement with the way in which trial and appellate counsel handled his trial and appeal." See Strickland v. Washington, 466 U.S. 668, 687 (1984)

Appellate counsel, according to the judge, "was thorough and more than adequate," raising challenges to trial evidence, legal rulings, sentencing and Recovery Court determinations among other issues. The judge further held that defendant failed to show prejudice and found, "[t]here is nothing further to develop on the record that could change [the] conclusion" that "the performance of trial and appellate counsel fell well within the range of adequate, competent and reasonable assistance to . . . defendant." Accordingly, the court denied an evidentiary hearing.

## II.

Defendant appeals arguing:

> POINT I
>
> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF APPELLATE COUNSEL'S INEFFECTIVENESS FOR INADEQUATELY RAISING N.J.S.A. 2C:44-1(b)(12), DEFENDANT'S WILLINGNESS TO COOPERATE WITH LAW

ENFORCEMENT AUTHORITIES, AS A MITIGATING FACTOR.

Defendant admits that direct appeal counsel raised the argument that the court erred in rejecting mitigating factor twelve, but argues that counsel did not adequately present the issue or the details of defendant's cooperation. Defendant claims appellate counsel raised the argument as a "mere afterthought," quoting the appellate brief that stated, "[l]astly, [defendant] voluntarily returned a majority of the stolen items to the police without any agreement with the [p]rosecutor for consideration." Defendant acknowledges issues raised in a prior proceeding "ordinarily bar PCR, [but claims] the rule is relaxable where, as in the instant matter, the constitutional issue raised is of substantial import." Defendant also contends our prior reliance on Dalziel, 182 N.J. at 494, "was egregiously misplaced."

The State claims "[d]efendant attempted to couch the argument[s] in terms of ineffective assistance of counsel but really only advanced the same arguments that were raised on direct appeal." It casts defendant's claims as "sentencing arguments" already addressed, and improperly raised via PCR petition. As such, the State contends "[d]efendant cannot relitigate a settled matter by slightly rephrasing the argument." Further, the State asserts defendant failed to present any evidence of appellate counsel's deficiency or prejudice that resulted.

10

## III.

In the absence of an evidentiary hearing, we review factual findings and legal conclusions de novo. See State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). To prevail on PCR applications, defendants must show by a preponderance of the evidence they are entitled to relief. See State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment of the United States Constitution guarantees the criminally accused the effective assistance of legal counsel. See Strickland, 466 U.S. at 687. To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland demonstrating that: (1) counsel's performance was deficient; and (2) the deficient performance actually prejudiced the accused's defense. Ibid.; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). Failure to establish either prong requires the denial of a PCR petition founded on an ineffective assistance of counsel claim. See Strickland, 466 U.S. at 700.

A defendant is entitled to effective assistance of counsel at all stages of the proceedings, including on a first appeal as of right. See State v. Morrison,

11

215 N.J. Super. 540, 545 (App. Div. 1987).  This court reviews an order rejecting an "ineffective assistance of appellate counsel" claim under the two-pronged Strickland standard.  See State v. Gaither, 396 N.J. Super. 508, 513-14 (App. Div. 2007).  "[I]n applying the Strickland standard to assess a claim of ineffective assistance of appellate counsel, defendant must show not only that his attorney's representation fell below an objective standard, but also that he was prejudiced, i.e., but for counsel's unprofessional errors, the result would have been different."  Id. at 513 (quoting Morrison, 215 N.J. Super. at 546).

To satisfy the first prong, defendant must demonstrate counsel's performance was deficient and "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687-88.  Defendants "must allege specific facts and evidence supporting [their] allegations."  State v. Porter, 216 N.J. 343, 355 (2013).  "Bald assertions" will not suffice.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  Further, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be

considered sound trial strategy.'" Strickland, 466 U.S. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

With respect to the first Strickland prong, as it applies to claims of ineffective assistance of appellate counsel, a court must be mindful that "appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant." Morrison, 215 N.J. Super. at 549 (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)); see also Gaither, 396 N.J. Super. at 516 (holding that appellate counsel is not "required to advance every claim insisted upon by a client on appeal"). Certainly, appellate counsel "should bring to the court's attention controlling law that will vindicate [his] client's cause," but appellate counsel "does not have an obligation 'to advocate ad infinitum.'" State v. O'Neil, 219 N.J. 598, 612 (2014).

Under Strickland's second prong, a defendant must "affirmatively prove" "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 694). "Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, . . . and if not, to dismiss the claim without determining whether

counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citation omitted); see also State v. Alvarez, 473 N.J. Super. 448, 455-56 (App. Div. 2022).

To establish a prima facie case of ineffective assistance warranting an evidentiary hearing, "the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (citing Preciose, 129 N.J. at 463). The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. See Cummings, 321 N.J. Super. at 170. Rather, "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." Marshall, 148 N.J. at 158 (citations omitted).

Although ineffective assistance of counsel claims are particularly suitable for PCR consideration, sentencing arguments are not. See Acevedo, 205 N.J. at 47 (holding that sentencing arguments are "not . . . appropriate ground[s] for [PCR]."). Sentencing claims authorized to proceed by PCR petition are limited to those that are raised in conjunction with other grounds for relief and allege sentences exceeded or violated applicable law. See R. 3:22-2(c). They are not "substitute[s] for appeal." R. 3:22-3.

Indeed, PCR is not an appropriate vehicle to raise or rehash excessive sentencing challenges. It is well-settled that "mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, . . . can only be raised on direct appeal from the conviction." State v. Clark, 65 N.J. 426, 437 (1974). If a sentence falls within the statutory range, "issues relating to the determination of aggravating and mitigating factors, the balancing thereof and the conclusions resulting from that balancing generally deal with claims of 'excessiveness,' as opposed to 'illegality.'" State v. Ervin, 241 N.J. Super. 458, 472 (App. Div. 1989).

More specifically:

> While identification of the applicable aggravating and mitigating factors may perhaps lend itself to abstract and objective analysis, the weighing process envisioned by the Code's provisions necessarily reflects the seasoning and experience of the particular sentencing judge. To permit post-conviction review of the adequacy of the sentencing judge's findings and conclusions would open the gates to an avalanche of grievances, often long after the sentence was imposed. In light of the availability of relief by way of direct appeal, we perceive no need to make [PCR] an open sesame for the wholesale review of sentences.
>
> [State v. Flores, 228 N.J. Super. 586, 595-96 (App. Div. 1988).]

Importantly, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceeding resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings." R. 3:22-5.

IV.

Applying these fundamental legal principles, we consider and reject defendant's claims.

First, we concur with the PCR judge's findings that defendant's PCR ineffective assistance of counsel claim—at its root—seeks review of our prior determination that the sentencing court did not abuse its discretion in rejecting mitigating factor twelve or impose an excessive disparate sentence. The PCR judge correctly found that sentencing challenges are only cognizable on direct appeal, and defendant's issues were raised and resolved on direct appeal.

Nevertheless, as defendant's claim is brought alleging appellate counsel's deficiency, and because the PCR judge ultimately addressed that substantive claim, we too assess the record substantively and conclude that defendant failed to establish a prima facie claim under Strickland.

As to the first prong, the record shows that appellate counsel clearly raised the issue of defendant's cooperation on direct appeal, claiming the trial court

erred in failing to find mitigating factor twelve. We expressly recognized that "[defendant] highlighted at sentencing, <u>and repeat[ed] before us</u>, that he cooperated with police," reflecting our review of the sentencing record that was replete with references to defendant's cooperation, including his specific claims to have provided police with essential information and travelled to secure and return certain property. <u>Gittens</u>, slip op. at 17 (emphasis added). Throughout the sentencing, defense counsel and defendant urged the court to find defendant's cooperation—particularly by comparison to that provided by the co-defendant—mitigated in favor of a much lesser sentence of special probation. They cited specific examples and relevant trial testimony to the sentencing court; but the court, having also presided over the trial, found defendant's efforts "self-serving" in the wake of damaging evidence connecting defendant to the crimes.

After our careful review, we determined the sentencing court did not abuse its discretion. Our citation to <u>Dalziel</u>, 182 N.J. at 494, for the well-settled principle that sentencing courts must consider all sentencing factors raised by the parties, but need not find them, has no bearing on a challenge to appellate counsel's representation of defendant, which we are satisfied was not deficient.

17

Even assuming appellate counsel failed to adequately present the issue, for the reasons just discussed, defendant has not shown prejudice under Strickland's second requirement.  As a result of the appellate counsel's presentation, we evaluated the trial record, defendant's claimed cooperation, and the court's findings, and affirmed the sentence.  Defendant has failed to identify any additional information by way of his PCR petition that would have likely led to a different result.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3731-22